No. 1669.—E. R. BECKWITH v. G. M. PEIRCE et al.

Parties residing on opposite sides of the lines of military occupation during the late war were prohibited from carrying on trade and commercial intercourse with each other, and all contracts or obligations resulting from such trade or intercourse are null and void, unless it is shown that such trade or intercourse was specially authorized by the trade regulations prescribed by the Secretary of the Treasury of the United States.

Where judgment has been rendered against the intervenor in the lower court, and no appeal is taken therefrom, and the other parties do not make the intervenor a party to the appeal, the appellate court will not interfere with the judgment of the court below on the intervention.

APPEAL from Fifth District Court, parish of East Baton Rouge, Posey, J. White & Robertson, for plaintiff and appellee. Dunn & Herron, for defendants and appellants.

LUDELING, C. J. The plaintiff sued for the balance due on an account for supplies furnished, during the year 1865, for the use of the plantation of the defendant; and he claimed a privilege upon the crop raised on the plantation in that year. At the instance of plaintiff, the cotton on the place, and twenty bales of cotton, found in the possession of Jackson & Rosenfield, were sequestrated.

The defendant, Peirce, filed a general denial and a plea that he and plaintiff lived on different sides of the lines of military occupation at the time the trading is alleged to have been carried on, and the trading was prohibited.

Jackson & Rosenfield allege that they were the owners and possessors of the twenty bales of cotton at the time they were sequestered, and that said cotton was not raised on defendant's plantation. Mrs. Peirce, the wife of the defendant intervened and claimed that the property on the plantation which was sequestrated, belonged to her.

There was judgment in favor of Jackson & Rosenfield, dissolving the sequestration as to the twenty bales of cotton claimed by them, and against the plaintiff for six hundred dollars damages.

There was judgment against the intervenor dismissing her intervention, and in favor of the plaintiff against her for the sum of five hundred and eighty-four dollars and twenty-four cents, with interest at the rate of five per cent. per annum from the second day of November, 1865.

There was also judgment against the defendant for three thousand and thirty-two dollars and seventy-six cents, with five per cent. interest thereon from second of November, 1865, with privilege, to secure payment of the judgments against the defendant and intervenor on the cotton raised on the " Wilderness Plantation." The defendant and the plaintiff have appealed.

, The intervenor has not appealed; neither has she prayed for any amendment of the judgment against her. We can not therefore interfere with the judgment against her.

The evidence establishes, beyond doubt, that the twenty bales of cotton, seized in the possession of Jackson & Rosenfield, belonged to them, and were not raised on the defendant's plantation. We think the proof sustains the judgment of the lower court in favor of Jackson & Rosenfield.

The testimony in the record shows that the account sued on was, in part, made during a time when trading between the plaintiff and defendant was prohibited by law, as the former resided within the Federal lines, and the latter lived within the insurrectionary district. The testimony offered to prove that the trading between the parties was carried on under permits, in accordance with the regulations of the Secretary of the Treasury of the United States, does not satisfy us of that fact.

Doyle, one of the clerks of plaintiff, says: " Before the surrender it was necessary to obtain permits before they could take out goods. Mr. Beckwith *was not in the habit* of allowing goods to leave his store without the necessary permits." ·

Another witness says: " These permits *were generally* produced, stating that the goods were for plantation supplies."

D. W. Lucas says : " I was connected with the Treasury Department. To obtain permits the parties were to live within ten miles of town. They were allowed enough for their families. In obtaining permits, parti·s were required to make affidavit that the supplies were for their families and not to be transferred. Mr. Beckwith frequently brought *list of goods* that he *wished to send out, that were over the amount*, and telling us *it was to his advantage, would persuade* us to give the permits, saying he would be responsible that it was all right."

E. Purnell says: " Mr. Peirce received a great many shoes, a bale of cotton, wine and liquors. He received no salt. , The shoes he received were fine shoes—morocco—the greater part women's shoes. There were a good deal of calicoes. These goods were sent out by Mr. Beckwith and traded off. At the cessation of hostilities many of these articles were left on the hands of Mr. Peirce." ·

It is not proved positively that the permits obtained were for any of the goods charged in the account sued on; much less does the testimony prove that permits were obtained for all the goods. Beside

the testimony of Lucas, an employe of the Treasury Department, and the testimony of Purnell show that the goods were sent out of the lines in violation of the regulations of the Treasury Department. See the case of the Sea Lion, 5 Wal., 630.

Besides this, the plaintiff has failed to establish the correctness of the following items of the account sued on, to wit:

Cash paid to defendant on third of January, 1865............$2,000
Cash to G. M. Peirce, January 7........'................. 2,000
Cash to G. M. Peirce, January 12........................... 800
                                                          _____
                                                          $4,800

This exceeds the balance of the account sued for.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court against the defendant, G. M. Peirce, be avoided and reversed, and that there be judgment against the plaintiff, as in case of nonsuit.

It is further ordered that the judgment in favor of Jackson & Rosenfield against the plaintiff, and the judgment in favor of the plaintiff against the intervenor, Mary C. Baker, wife of G. M. Peirce, be affirmed; and that the plaintiff pay all the costs of the lower court, except those created by the intervention, and that the plaintiff pay the costs of this appeal.

---

## On Rehearing.

Howell, J.   A rehearing was granted in this case only so far as relates to the items of the account sued on charged subsequently to the twenty-fourth of May, 1865, the date at which the prohibition against trading between the parties ceased.   The right to recover for such items was recognized in the case of Williams v. Gay, 21 An. 110. The balance due on the portion of the amount subsequent to said date is $1615 98, from which should be deducted the sum of $584 24, amount of the judgment affirmed against Mrs. Peirce, leaving the sum of $1031 74 due by the defendant, G. M. Peirce, and for which judgment should be rendered against him.

It is therefore ordered that so much of our former decree as reverses the judgment of the court a qua against the defendant and gives judgment against plaintiffs, as of nonsuit, be set aside, and that plaintiffs recover of defendant, G. M. Peirce, the sum of $1031 74 (instead of $3032 76, allowed by the court below), with legal interest thereon from November 2, 1865, and privilege on the cotton raised on the Wilderness plantation in 1865, and sequestered herein, to be seized and sold to satisfy this decree against defendant; and that as thus amended our former decree remain undisturbed.